Filed 2/13/24  In re C.Z. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re C.Z. et al., | B326645 |
| Persons Coming Under the Juvenile Court Law. | (Los Angeles County Super. Ct. No. 20CCJP00986-EF) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent, | |
| v. | |
| E.Z., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Pete R. Navarro, Commissioner.  Dismissed.

Marissa Coffey, by appointment of the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Stephen Watson, Deputy County Counsel, for Plaintiff and Respondent.

## INTRODUCTION

E.Z. (mother) appeals from the juvenile court's dispositional order. Mother's sole argument on appeal is that the court erred in finding that the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.) did not apply. Mother contends the Los Angeles County Department of Children and Family Services (DCFS) failed to comply with the initial inquiry and notice requirements under ICWA. DCFS responds that "mother's appeal should be dismissed because ICWA obligations are ongoing and can be raised and cured in the juvenile court." Because a finding regarding the application of ICWA was neither made at the disposition hearing from which mother appeals, nor at any point earlier in the case, the sole claim on appeal is premature. Therefore, the appeal must be dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

We recite only facts relevant to mother's appeal. P.M. (father) and mother have two children together: C.S.Z. (born Sept. 2011) and C.Z. (born Jan. 2013).

In a prior dependency case, maternal grandfather told a dependency investigator that maternal great, great grandmother (Alberta B.) had Indian heritage through the Blackfeet Indian tribe. Maternal grandfather provided the names of maternal great grandparents. The investigator indicated that previous minute orders did "not indicate ICWA findings."

On August 31, 2022, DCFS filed the current dependency petition on behalf of the children, which included an Indian child inquiry attachment. This attachment indicated mother was asked about any Indian heritage on July 27, 2022. Mother reported she may have Indian ancestry through

maternal relatives.  Therefore, DCFS stated that it had "reason to believe the child[ren] [are] or may be . . . Indian child[ren]."

On September 14, 2022, counsel for mother filed a parental notification of Indian status (ICWA-020 form) on mother's behalf indicating that none of the questions about Indian status applied.  However, counsel, not mother, signed the form.

At a hearing on September 15, 2022, mother reported to the juvenile court that she had Blackfeet Indian heritage and stated maternal grandfather would have more information.  When asked by the court if there were other relatives to contact, mother replied there were no additional relatives except maternal grandfather.  The court then ordered DCFS to notice the tribe, interview maternal grandfather, "and ascertain and acquire more information regarding any possible membership or eligibility or membership of the [tribe]."  DCFS was further ordered to provide notice to the appropriate federal agencies.

On September 22, 2022, the dependency investigator mailed certified notices to mother, father, the Secretary of the Interior, Bureau of Indian Affairs, and the Blackfeet Tribe of Montana.  The investigator also sent a letter to the Blackfeet Tribe of Montana inquiring about the children's eligibility for enrollment in the tribe.  The letter included the names and birthdays of the parents and children.

On October 12, 2022, the court sustained the dependency petition as amended by interlineation.  The court ordered "DCFS to comply with its ongoing ICWA obligations."

On October 25, 2022, the dependency investigator spoke with maternal grandfather, who reported that he did not know of any Indian tribes with which his family was affiliated.  The Blackfeet Nation submitted a letter

3

dated December 8, 2022, reporting the children were not eligible for enrollment.

At the dispositional hearing on January 24, 2023, the court declared the children dependents and removed the children from mother's custody. There was no discussion of ICWA at this hearing.

Mother timely appealed.

## DISCUSSION

Mother's sole contention on appeal is that the juvenile court erred in finding that the ICWA did not apply absent a sufficient initial inquiry and ICWA notice. DCFS contends mother's appeal is premature and the ICWA challenge is not ripe for review. We agree.

We see no appealable order regarding ICWA, or an actionable finding, in this case. The court made no finding as to ICWA at or before the disposition hearing. Rather, the ICWA inquiry was still ongoing, as evidenced by the court's prior ICWA compliance order of October 12, 2022.

Because the court made no ruling at or before the challenged hearing on whether ICWA applied to the proceedings, mother's claim is premature. "That is, any ICWA issues are not ripe for review. '"Ripeness" refers to the requirements of a current controversy.' (*City of Santa Monica v. Stewart* (2005) 126 Cal.App.4th 43, 59.) An issue is not ripe for review unless and until it is 'sufficiently concrete to allow judicial resolution even in the absence of a precise factual context.' (*Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 170; see *id.* at pp. 170–172.)" (*J.J. v. Superior Court* (2022) 81 Cal.App.5th 447, 461.) The dependency case is still ongoing, and any perceived deficiencies with ICWA inquiry and noticing may still be resolved. (See *In re M.R.* (2017) 7 Cal.App.5th 886, 904 [ICWA claim was

4

premature where no final ICWA ruling was made at disposition hearing].) Therefore, we decline to assess the adequacy of the ICWA inquiry and noticing process that is, based on the record before us, still ongoing.

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, J.

We concur:


CURREY, P. J.


MORI, J.